AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>MAY SALEHI and clothing, personal belongings, backpacks, briefcases, purses, bags, and electronic devices within SALEHI's immediate control THEREIN | )<br>)<br>)   Case No.  21-sw-144<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of ___Columbia___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. sec. 201, 371, 666, 1001, 1031, 1346, 1956; 31 U.S.C. sec. 5324 | Bribery of public officials, conspiracy to defraud U.S., federal programs bribery, false statements, major fraud against U.S., honest services fraud, money laundering, and structuring |

The application is based on these facts:
See Attached Affidavit of Special Agent Christopher Swenson

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Christopher Swenson*
Applicant's signature

Dept. of State-OIG Special Agent Christopher Swenson
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*.

Date: _____
Judge's signature

City and state: _____
Printed name and title

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☑ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 21-sw-144
MAY SALEHI and clothing, personal belongings, )
backpacks, briefcases, purses, bags, and electronic )
devices within SALEHI's immediate control THEREIN )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of Columbia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A hereto

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B hereto

**YOU ARE COMMANDED** to execute this warrant on or before     June 1, 2021     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____
                                                                  *Judge's signature*

City and state:   Washington, District of Columbia     _____
                                                                  *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>21-sw-144 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                 _____
                                 *Executing officer's signature*

                                 _____
                                 *Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>MAY SALEHI AND CLOTHING, PERSONAL BELONGINGS, BACKPACKS, BRIEFCASES, PURSES, BAGS, AND ELECTRONIC DEVICES WITHIN SALEHI'S IMMEDIATE CONTROL THEREIN<br><br>UNDER RULE 41 | SW No. 21-sw-144 |

### APPLICATION TO SEAL SEARCH WARRANT, AFFIDAVIT IN SUPPORT, AND MEMORANDUM IN SUPPORT THEREOF

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order placing the above-captioned search warrant, and the application and affidavit in support thereof, and all attachments thereto and other related materials such as this application and order (collectively, the "Warrant") under seal until further order of the Court.

### LEGAL BACKGROUND FOR SEALING

1. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). *See also*, *e.g.*, *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits). Such sealing is within the discretion of the District Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records

1

is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

2. More particularly, the Court may seal the Warrant and related filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

3. Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *Id.*; *see also id*. at 1215, 1219 n.13 (Sealed search warrant materials have been treated as the functional equivalent of grand jury materials in their shared need for secrecy.). While courts may disagree whether there even exists a qualified right under the common law or the First Amendment to access to sealed search warrant materials,[1] courts are in general agreement that a movant is not entitled to access to sealed search warrant materials if disclosure would compromise an ongoing investigation or endanger witnesses. *See, e.g.*, *id*. at 1212-1221 ("warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing"); *Baltimore Sun Co.*, 886 F.2d at 64 ("the need for sealing affidavits may remain

---

[1] *See, e.g., Times Mirror Co.*, 873 F.2d at 1212-1221 (no right of access to sealed search warrant materials exists under the First Amendment, the common law, or Fed. R. Crim. P. 41(g)); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (no First Amendment right of access, but qualified common law right of access); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (qualified First Amendment right of access).

after execution and in some cases even indictment"); *In re Search Warrants for National Builder Corp.*, 833 F. Supp 644, 645-646 (N.D. Ohio 1993) (grand jury target was not entitled to the unsealing of a search warrant affidavit if it would compromise an ongoing investigation).

## REQUEST FOR SEALING

4. Such an Order is appropriate because the Warrant relates to an ongoing criminal investigation that is neither public nor known to the subject(s) of the investigation. In particular, the nature and scope of evidence available to law enforcement, as set forth in the search warrant affidavit, is neither public nor known to the subject(s) of the investigation. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to the investigation and the scope of such evidence available to law enforcement, potential subject(s) could be immediately prompted to flee from prosecution, destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, attempt to influence or intimidate potential witnesses, and otherwise take steps to undermine the investigation and avoid future prosecution.

5. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Warrant and the details in the search warrant affidavit would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *Cf.* 18 U.S.C. § 2705(b)(2)-(5). In short, because of such potential jeopardy to the investigation, there exists a compelling governmental interest in confidentiality to justify the sealing the Warrant, this application, and this Order. *See Robinson*, 935 F.2d at 287-89.

ACCORDINGLY, it is respectfully requested that the above-captioned warrant, the

application and affidavit in support thereof, and all attachments thereto and other related materials (including this application) be placed under seal until further order of this Court.

                    Respectfully submitted,

                    Channing D. Phillips
                    ACTING UNITED STATES ATTORNEY
                    Bar Number 415793

By: *John W. Borchert*
                    JOHN W. BORCHERT
                    Assistant United States Attorney
                    D.C. Bar Number 472824
                    United States Attorney's Office
                    555 Fourth Street, N.W.
                    Washington, D.C.   20530
                    Telephone: 202-252-7679
                    Email: john.borchert@usdoj.gov